IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

IN RE: CONVERGENT TELEPHONE

CONSUMER PROTECTION ACT LITIGATION

JOHN J. TAURO, Pltf.                                              Master Docket MDL 13-2478

                                                                              Pa Case 14-761

V.                                                                              Connecticut Case 14-1528

CONVERGENT OUTSOURCING, INC., Deft.

PLAINTIFF'S RESPONSE TO DEFENDANT'S DOCUMENTS IN OPPOSITION TO GRANTING CHEVRON DEFERRENCE

1. Plaintiff's argument is presented in Plaintiff's Motion and Request ( Doc. 70)

2. Defendants raise no valid argument against the granting of Chevron Deference; but attach appeals to circuit courts from the debt collection industry umbrella associations.

3. The debt collection industry, under its current business model, cannot function, and, at the same time comply with the TCPA.

4. The Federal Communications Commission is, in fact, an executive agency; with the power to promulgate rules and interpret the Telephone Consumer Protection Act; which they have done in the Declaratory Ruling of July 10. 2015.

5. The appeals amount to nothing more than "sour grapes" from the same industry associations who represented the same issues in the early stages of the rulemaking process; and those issues were clarified by the Declaratory Ruling; but not to the satisfaction of the debt collection industry.

6. The U.S. Supreme Court has held that the deference is due; the FCC has met all the requirements of the deference; and its Declaratory Ruling is reasonable.

7. In 2005, The Supreme Court reversed the Ninth Circuit for supplanting the FCCs views with its own stating that:

    (a) Chevron requires a Federal Court to defer to an agency's construction; even if it differs from what the Court believes to be the best interpretation; if the particular statute is within the agency's jurisdiction to administer; the statute is ambiguous on the point at issue; and the Agency's construction is reasonable …..

    (b) The Ninth Circuit should have applied Chevron's framework instead of following the construction in Portland …. Because Portland held only the best reading of the act…..that the ruling in Portland was not the only permissible reading; nor did the Act require it. The Ninth Circuit erred in refusing to apply Chevron. See <u>National Cable v Brand X</u>   545 US 967, 125 SCT 2688, 2691 ( 2005)

8. The FCC has the power to execute and enforce the TCPA; by the same standards set forth in Chevron. The FCC also has the power to promulgate rules and interpretations of the law (TCPA) which it administers- which it has done.

WHEREFORE: This Court should disregard defendant's response.

Respectfully Submitted,
/s/ John J. Tauro